AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)          ☐ Original   ☐ Duplicate Original

<table>
<tr><td>

**LODGED**
CLERK, U.S. DISTRICT COURT

**5/15/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

</td><td>

# UNITED STATES DISTRICT COURT

for the

Central District of California

</td><td>

**FILED**
CLERK, U.S. DISTRICT COURT

5/15/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ jm _____ DEPUTY

</td></tr>
</table>

United States of America

v.

EDUARDO TELESFORO TRINIDAD-ARIAS,

Defendant

Case No.  2:25-MJ-03015-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Juan Orrantia, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of May 28, 2020, in the county of Los Angles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
/s/
*Complainant's signature*

Juan Orrantia, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone. Date: 05/15/2025 at 4:41 p.m.

_____
*Judge's signature*

City and state:  Los Angeles, California

Honorable Michael B. Kaufman, U.S. Magistrate Judge
*Printed name and title*

SAUSA: Elizabeth Bisland X10319

## AFFIDAVIT

I, Juan Orrantia, being duly sworn, declare and state as follows:

### I.    PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint against and arrest warrant for Eduardo Telesforo TRINIDAD-Arias ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II.    BACKGROUND OF SPECIAL AGENT JUAN ORRANTIA

3.    I am a Special Agent with the United States Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). I have been a Special Agent since November 2006.  I was previously employed as a Border Patrol Agent with Customs and Border Protection ("CBP") and previously within the Department of Justice ("DOJ") since March 2002.  I am presently assigned to the Office of the Special Agent in Charge, Los Angeles,

California and am assigned to the Integrated Operations Group
("Task Force").  As a special agent for HSI, my responsibilities
include the enforcement of federal criminal statutes involving,
but not limited to, illegal entry violations, narcotics and
alien trafficking, false document production, weapons
violations, money laundering/structuring and avoidance of
financial institution reporting, bulk cash smuggling, bank/wire
fraud and other immigration and customs related violations of
the United States Code in the Central District of California.

### III.    TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

4.    Based on my training and experience and communication
with DHS employees on the Task Force, I know the following:

a.    Every person has a unique set of fingerprints.  I
also know that unique identification numbers – including, but
not limited to, Fingerprint Identification Number System
("FINS") numbers and Federal Bureau of Investigations ("FBI")
numbers – can be assigned to a person's fingerprints, thereby
distinguishing that person's fingerprints in law enforcement
databases from another person's fingerprints.  In many cases,
the Department of Homeland Security and other government
agencies utilize FINS and FBI numbers to associate unique
fingerprint records and information to a specific individual.

b.    Moreover, when a person is fingerprinted by DHS
agencies, such as ICE (formerly INS), those unique fingerprint
identifiers are associated with an individual's unique alien
number ("A-number") and alien file ("A-file").  An A-file

2

typically contains official documentation regarding a person's deportation or removal history as well as alienage.  That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

5.   Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

## IV.   STATEMENT OF PROBABLE CAUSE

6.   On or about May 13, 2025, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals –

3

received an electronic notification based on defendant's
biometric fingerprint information that he was arrested by the
Los Angeles Police Department ("LAPD"), within the Central
District of California, for violation of California Penal Code
Section 273D(A) – Corporal Punishment/Injury on a Child.
Defendant is currently in custody with the Los Angeles Sheriff's
Department ("LASD").  Based on my training and experience, it is
essential to act quickly and secure a federal arrest warrant for
defendant while he is in a custodial setting because once
defendant is released from custody, he may abscond or evade
apprehension, particularly in light of his prior removal(s) and
unlawful reentry.  Effectuating an arrest while defendant is in
custody is materially safer for officers and defendant and
presents a significantly lower risk of flight or resistance.
Arrests in a controlled environment also reduce the need for
high-risk operations in the community and minimize potential
harm to the public.

     7.    I compared a unique fingerprint identifier from the
arrest referenced above against those contained in the
immigration and removal records retained for defendant in DHS
indices.  I have determined that these unique fingerprint
identifiers are the same and therefore believe that both sets of
records reference defendant, a previously removed alien.

     8.    On or about May 15, 2025, I conferred with other law
enforcement officers, including DHS personnel, and reviewed
records associated to defendant's unique fingerprint identifier
that are contained in DHS indices.  I learned the following

about defendant's immigration history:

        a.    Defendant is a citizen and national of Guatemala.

        b.    On or about June 11, 2007, defendant was issued an expedited removal from the United States to Guatemala.  On or about June 23, 2007, defendant was physically removed from the United States to Guatemala.

        c.    Since defendant's most recent physical removal from the United States noted above, defendant was found in the County of Los Angeles, in the Central District of California on May 28, 2020, based on a DHS database notification.

      9.    There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal.  Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

//

//

//

//

5

## V.   CONCLUSION

10.   Based on the foregoing, there is probable cause that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __15th__ day of May
2025 at 4:41 p.m.

_____
HONORABLE MICHAEL B. KAUFMANUNITED
STATES MAGISTRATE JUDGE

6