```
                                    LODGED
                            CLERK, U.S. DISTRICT COURT

                                  5/15/2025

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY: _____MMC_____ DEPUTY
```

```
                FILED
        CLERK, U.S. DISTRICT COURT

             5/15/2025

      CENTRAL DISTRICT OF CALIFORNIA
      BY: _____jm_____ DEPUTY
```

1  BILAL A. ESSAYLI
   United States Attorney
2  CHRISTINA T. SHAY
   Assistant United States Attorney
3  Chief, Criminal Division
   ELIZABETH BISLAND
4  Assistant United States Attorney
   Domestic Security & Immigration
5   Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-0319
        Facsimile: (213) 894-0141
8       E-mail:    Elizabeth.Bisland@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

   UNITED STATES OF AMERICA,        No. CR 2:25-MJ-03015-DUTY

              Plaintiff,            GOVERNMENT'S NOTICE OF REQUEST FOR
                                    DETENTION
              v.

   EDUARDO TELESFORO TRINIDAD-
   ARIAS,

              Defendant.

        Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

   ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
            following grounds:
        ☐  a.   present offense committed while defendant was on release
                pending (felony trial),
        ☐  b.   defendant is an alien not lawfully admitted for
                permanent residence; and

  ☐ c. defendant may flee; or
  ☐ d. pose a danger to another or the community.
☒ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:
  ☒ a. the appearance of the defendant as required;
  ☒ b. safety of any other person and the community.
☐ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
  ☐ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;
  ☐ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.
☐ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):
  ☐ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
  ☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
  ☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

|     |     |     |                                                                                                           |
| --- | --- | --- | --------------------------------------------------------------------------------------------------------- |
|     |     |     | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
|     | ☐   | d.  | defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
|     | ☒   | 5.  | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
|     | ☐   | a.  | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
|     | ☐   | b.  | an offense for which maximum sentence is life imprisonment or death; |
|     | ☐   | c.  | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
|     | ☐   | d.  | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c |

|   |   |    |   |
|---|---|----|---|
| 1 |   |    | if federal jurisdiction were present, or a combination |
| 2 |   |    | or such offenses; |
| 3 | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 8 | ☒ | f. | serious risk defendant will flee; |
| 9 | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

//
//
//
//
//
//
//
//
//
//

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

Dated: May 15, 2025                    Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

   \s\ *Elizabeth Bisland*
ELIZABETH BISLAND
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA